UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HVB INVESTMENTS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TYRONE MONROE, et al.,<br><br>　　　　Defendants. | Case No.  5:16-cv-06129-EJD<br><br>**ORDER REMANDING CASE** |

## I. INTRODUCTION

Defendants Tyrone Monroe and Christine Monroe ("Defendants") removed the instant unlawful detainer action originally filed in Santa Clara County Superior Court by Plaintiff HVB Investments, Inc. and Jagroop Bhandal ("Plaintiffs"). Dkt. No. 1. According to the state court Complaint, Plaintiffs purchased certain real property located in San Jose, California, previously owned by Defendants at a trustee's sale. Id. at ¶ 7. Plaintiffs allege, however, that Defendants are still in possession of the property and have failed to vacate after being notified. Id. at ¶¶ 9, 10.

As is its obligation, the court has reviewed this action to determine whether federal subject matter jurisdiction exists. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded to the state court from which it originated.

## II. DISCUSSION

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise

1  expressly provided by Act of Congress, any civil action brought in a State court of which the
2  district courts of the United States have original jurisdiction, may be removed by the defendant.");
3  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally
4  could have been filed in federal court may be removed to federal court by defendant.").
5  Accordingly, the removal statute provides two basic ways in which a state court action may be
6  removed to federal court: (1) the case presents a federal question, or (2) the case is between
7  citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a),
8  (b).

9      The removing defendant must show the basis for federal jurisdiction. Nishimoto v.
10 Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes
11 are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108
12 (1941).

13     The Notice of Removal reveals that Defendants removed this action on the basis of federal
14 question jurisdiction. When removal is based on the presence of a federal question, the court
15 looks to the face of a well-pleaded complaint to determine whether a cause of action is created by
16 federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a
17 substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800,
18 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-
19 28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is
20 a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it
21 existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at
22 1065.

23     Here, the original state-court complaint asserts only one cause of action for unlawful
24 detainer, which does not arise under federal law and cannot support federal question jurisdiction.
25 See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS
26 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C
27 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9, 2011);
28

Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010). That being the case, the court cannot find that a federal question appears on the face of the complaint. Any actual or anticipated cross-claims and counterclaims are irrelevant to this analysis since those claims are not contained in the original complaint. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

**III.   ORDER**

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the Clerk shall remand the case to Santa Clara County Superior Court and close the file.

The motion for leave to proceed in forma pauperis (Dkt. No. 2) and all other pending matters are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: November 18, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06129-EJD
ORDER REMANDING CASE

3